**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS<br>EQUIPMENT LLC,<br><br>        Plaintiff,<br><br>v.<br><br><br>APPLE INC.,<br>AT&T INC., AT&T MOBILITY LLC,<br>VERIZON COMMUNICATIONS INC.,<br>CELLCO PARTNERSHIP INC. D/B/A<br>VERIZON WIRELESS,<br>SPRINT CORPORATION,<br>SPRINT SOLUTIONS, INC.,<br>SPRINT SPECTRUM L.P.,<br>BOOST MOBILE, LLC,<br>T-MOBILE USA, INC., and<br>T-MOBILE US, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 6:17-cv-225<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff Cellular Communications Equipment LLC files this Original Complaint against

Apple Inc.; AT&T Inc.; AT&T Mobility LLC; Verizon Communications Inc.; Cellco Partnership

Inc. d/b/a Verizon Wireless; Sprint Corporation; Sprint Solutions, Inc.; Sprint Spectrum L.P.;

Boost Mobile, LLC; T-Mobile USA, Inc.; and T-Mobile US, Inc. (collectively, the "Defendants")

for infringement of U.S. Patent No. 6,892,074 (the "'074 patent"), U.S. Patent No. 8,902,770 (the

"'770 patent"), U.S. Patent No. 8,254,872 (the "'872 patent"), and U.S. Patent No. 9,037,129 (the

"'129 patent").

**THE PARTIES**

1. Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2. Apple Inc. ("Apple") is a California corporation with its principal place of business in Cupertino, California.  This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served with process through its agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant may be served with process through its agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. AT&T Mobility LLC (with AT&T Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served with process through its agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York, New York.  This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. Cellco Partnership Inc. d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a Delaware general partnership with its principal place of business in Basking

Ridge, New Jersey.  This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.     Sprint Corporation is a Delaware corporation with its principal place of business in Overland Park, Kansas.  This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.     Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia.  This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served with process through its agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

9.     Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.  This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served with process through its agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

10.    Boost Mobile, LLC (with Sprint Corporation, Sprint Solutions, Inc., and Sprint Spectrum L.P., "Sprint") is a Delaware limited liability company with its principal place of business in Irvine, California.  This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served with process through its agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

11.    T-Mobile USA, Inc. is a Delaware corporation with a principal place of business in Bellevue, Washington.  T-Mobile USA, Inc. maintains a significant presence in Richardson, Texas and offers products and services under the T-Mobile and MetroPCS brands.  This Defendant does

business in the State of Texas and in the Eastern District of Texas.  This Defendant may be served

with process through its agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin,

TX 78701-3218.  This Defendant does business in the State of Texas and in the Eastern District of

Texas.

14. T-Mobile US, Inc. (with T-Mobile USA, Inc., "T-Mobile") is a Delaware

corporation with its principal place of business in Bellevue, Washington.  T-Mobile US, Inc.

maintains a significant presence in Richardson, Texas, and offers products and services under the

T-Mobile and MetroPCS brands.  This Defendant does business in the State of Texas and in the

Eastern District of Texas.  This Defendant may be served with process through its agent,

Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, namely 35 U.S.C.

§§ 271, 281, and 284-285, among others.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a),

and 1367.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c),

and 1400(b).  On information and belief, each Defendant is deemed to reside in this judicial district,

has committed acts of infringement in this judicial district, has purposely transacted business in

this judicial district, and/or has regular and established places of business in this judicial district.

16. On information and belief, each Defendant is subject to this Court's specific and

general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to their substantial business in this State and judicial district, including: (a) at least part of

their infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging

in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,892,074)

17.     CCE incorporates paragraphs 1 through 16 herein by reference.

18.     CCE is the assignee of the '074 patent, entitled "Selective Message Service to Primary and Secondary Mobile Stations," with ownership of all substantial rights in the '074 patent, including the right to exclude others and to enforce, sue and recover damages for past, present and future infringements.  A true and correct copy of the '074 patent is attached as Exhibit A.

19.     The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

20.     Defendant Apple has directly infringed, and continues to directly infringe, one or more claims of the '074 patent in this judicial district and elsewhere in Texas and the United States, without the consent or authorization of CCE, including at least claims 1, 2, 4, 10, 11, 12, 19, 20, 22, 28, 29, and 30, by, among other things, using the methods of the '074 patent in connection with Apple devices implementing iOS 5 or later versions.  Such Apple devices include iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, and iPhone 7 Plus (the "'074 iPhone Devices"); iPod Touch 3G, iPod Touch 4G, iPod Touch 5G, and iPod Touch 6G (the "'074 iPod Devices"); and iPad, iPad 2, iPad (third generation a/k/a "the new iPad" or "iPad 3"), iPad (fourth generation a/k/a "the iPad with Retina display" or "iPad 4"), iPad (2017 version a/k/a the "iPad 9.7 inch"), iPad Air, iPad Air 2, iPad Mini, iPad Mini with Retina display (a/k/a "the iPad Mini 2"), iPad Mini 3, iPad Mini 4,

iPad Pro (12.9 inch), and iPad Pro (9.7 inch) (the "'074 iPad Devices").   These devices are collectively referred to as the "'074 Apple Devices."

21.    Specifically, the '074 iPhone Devices are capable of receiving at least voice calls and textual messages, and all '074 Apple Devices (including the '074 iPod Devices and the '074 iPad Devices) are capable of receiving at least textual messages.  The '074 Apple Devices have unique calling numbers.  For instance, the '074 iPhone Devices and '074 iPad Devices with cellular capabilities contain SIM cards with calling numbers.  In addition, on information and belief, each '074 Apple Device includes a Unique Device Identifier (UDID).  The '074 Apple Devices are also compatible with the iMessage service.  The iMessage service directs a textual message addressed to a primary mobile station (e.g., a '074 iPhone Device) to a secondary mobile station (e.g., another '074 iPhone Device, '074 iPod Device, and/or '074 iPad Device) that is associated with the same Apple ID and/or phone number as the primary mobile station.  This occurs regardless of whether the primary mobile station is in use, or whether notification messages indicating the receipt of textual messages are used.  The secondary mobile station is activated as the receiver of textual messages transmitted to the primary mobile station when the secondary mobile station is associated with the same Apple ID and/or phone number as the primary mobile station.

22.    CCE has been damaged as a result of Defendant Apple's infringing conduct described in this Count.  Defendant Apple is, thus, liable to CCE in an amount that adequately compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 8,902,770)

23.    CCE incorporates paragraphs 1 through 16 herein by reference.

24.     CCE is the assignee of the '770 patent, entitled "Carrier Indicator Field Usage and Configuration in Carrier Aggregation," with ownership of all substantial rights in the '770 patent, including the right to exclude others and to enforce, sue and recover damages for past, present and future infringements.  A true and correct copy of the '770 patent is attached as Exhibit B.

25.     The '770 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26.     Defendants Apple, AT&T, Verizon, Sprint, and T-Mobile have directly infringed and/or indirectly infringed, and continue to directly infringe and/or indirectly infringe, one or more claims of the '770 patent in this judicial district and elsewhere in Texas and the United States, without the consent or authorization of CCE, including at least claims 1, 2, 3, 7, 9-12, 16, 18-21, and 24, by, among other things, making, using, offering for sale, selling and/or importing LTE devices that support carrier aggregation.  Such Apple mobile devices include iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad (2017 version, a/k/a the "iPad 9.7 inch"), iPad Mini 4, iPad Air 2, iPad Pro (12.9 inch), and iPad Pro (9.7 inch), sold or otherwise distributed by or through Apple and/or AT&T (the "'770 AT&T Mobile Devices"); iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad (2017 version, a/k/a the "iPad 9.7 inch"), iPad Mini 4, iPad Air 2, iPad Pro (12.9 inch), and iPad Pro (9.7 inch), sold or otherwise distributed by or through Apple and/or Verizon (the "'770 Verizon Mobile Devices"); iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad (2017 version, a/k/a the "iPad 9.7 inch"), iPad Mini 4, iPad Air 2, iPad Pro (12.9 inch), and iPad Pro (9.7 inch), sold or otherwise distributed by or through Apple and/or Sprint (the "'770 Sprint Mobile Devices"); and iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad (2017 version, a/k/a the "iPad 9.7 inch"), iPad Mini 4,

iPad Air 2, iPad Pro (12.9 inch), and iPad Pro (9.7 inch), sold or otherwise distributed by or through Apple and/or T-Mobile (the "'770 T-Mobile Mobile Devices").  These devices are collectively referred to as the "'770 Apple Devices."

27.     Defendants directly infringe the apparatus claims of the '770 patent by making, using, offering to sell, selling, and/or importing the '770 Apple Devices.  Defendants also directly infringe the '770 patent by making, using, selling, offering to sell, and/or importing the '770 Apple Devices to practice the claimed methods.  Defendants are therefore liable for direct infringement.

28.     Specifically, each of the '770 Apple Devices changes the format of a downlink control channel based on explicit signaling between a network and the '770 Apple Device in conjunction with switching the '770 Apple Device between being enabled for cross carrier scheduling and being disabled for cross carrier scheduling, and thereafter using the changed format on at least one serving cell, as claimed in claims 1, 2, 3, 7, 9-12, 16, 18-21, and 24.  See, e.g., formats of downlink control information (DCI) and mapping of DCI in 3GPP TS 36.212, PDCCH assignment procedure in 3GPP TS 36.213, and RRC Connection Reconfiguration messages in 3GPP TS 36.331, including the use of carrier indicator fields.

29.     Additionally, Defendants are liable for indirect infringement of the '770 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users.

30.     Each Defendant is a 3rd Generation Partnership Project ("3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents.  Defendants have had actual notice of the '770 patent at least by way of disclosure to 3GPP via the European Telecommunications Standards Institute ("ETSI," an

organizational member of 3GPP).  Defendants also have knowledge of the '770 patent based on filing and service of this Complaint.

31.     Despite having knowledge of the '770 patent, Defendants named in this Count have intended, and continue to specifically intend, for persons who acquire and use such devices, including their customers, to use such devices in a manner that infringes the '770 patent, including at least claims 1, 2, 3, 7, and 9.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '770 Apple Devices.

32.     In particular, despite having knowledge of the '770 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via https://support.apple.com, for instance) that specifically teach and encourage customers and other end users to use the '770 Apple Devices in an infringing manner.  By providing such materials, Defendants know (and have known) that their actions have, and continue to, actively induce infringement.

33.     Additionally, Defendants named in this Count know, and have known, that the '770 Apple Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions.  Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '770 patent and are not staple articles of commerce suitable for substantial non-infringing use.

34.     Specifically, each of the '770 Apple Devices contains at least a baseband processor and associated transceiver which contain functionality that is specifically programmed and/or configured to change the format of a downlink control channel based on explicit signaling between a network and the '770 Apple Device in conjunction with switching the '770 Apple Device between being enabled for cross carrier scheduling and being disabled for cross carrier scheduling,

and thereafter using the changed format on at least one serving cell, as claimed in claims 1, 2, 3, 7, 9-12, 16, 18-21, and 24.  Defendants are, thus, liable for contributory infringement.

35.     Apple and AT&T test, make, use, offer for sale, sell, and/or import the '770 AT&T Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

36.     Apple and Verizon test, make, use, offer for sale, sell, and/or import the '770 Verizon Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

37.     Apple and Sprint test, make, use, offer for sale, sell, and/or import the '770 Sprint Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

38.     Apple and T-Mobile test, make, use, offer for sale, sell and/or import the '770 T-Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

39.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 8,254,872)

40.     CCE incorporates paragraphs 1 through 16 herein by reference.

41.     CCE is the assignee of the '872 patent, entitled "Simplified Method for IMS Registration in the Event of Emergency Calls," with ownership of all substantial rights in the '872 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present and future infringements.  A true and correct copy of the '872 patent is attached as Exhibit C.

42.     The '872 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

43.     Defendants Apple, AT&T, Verizon, and T-Mobile have infringed and/or indirectly infringed, and continue to directly infringe and/or indirectly infringe, one or more claims of the '872 patent in this judicial district and elsewhere in Texas and the United States, without the consent or authorization of CCE, including at least claims 1, 2, 3, 4, 5, 6, 12, 13, 14, 16, 17, and 18, by, among other things, making, using, offering for sale, selling and/or importing Apple mobile devices that support voice over LTE.  Such Apple mobile devices include iPhone 6, iPhone SE, iPhone 6s, iPhone 6s Plus, iPhone 7, and iPhone 7 Plus, sold or otherwise distributed by or through Apple and/or AT&T (the "'872 AT&T Mobile Devices"); iPhone 6, iPhone SE, iPhone 6s, iPhone 6s Plus, iPhone 7, and iPhone 7 Plus, sold or otherwise distributed by or through Apple and/or Verizon (the "'872 Verizon Mobile Devices"); and iPhone 6, iPhone SE, iPhone 6s, iPhone 6s Plus, iPhone 7, and iPhone 7 Plus, sold or otherwise distributed by or through Apple and/or T-Mobile (the "'872 T-Mobile Mobile Devices").  These devices are collectively referred to as the "'872 Apple Devices."

44.     Defendants Apple, AT&T, Verizon, and T-Mobile directly infringe the apparatus claims of the '872 patent by making, using, offering to sell, selling, and/or importing the '872 Apple Devices.  Defendants Apple, AT&T, Verizon, and T-Mobile also directly infringe the '872 patent by making, using, selling, offering to sell, and/or importing the '872 Apple Devices to practice the claimed methods.  Defendants are therefore liable for direct infringement.

45.     Specifically, each of the '872 Apple Devices is configured to receive a network identifier of a visited network when it is registered with the visited network, compare the received network identifier with a network identifier of a home network, and set up an emergency call connection without registering with an IP Multimedia Subsystem when the '872 Apple Device is already registered in the IP Multimedia Subsystem and the received network identifier matches the network identifier of the home network, as claimed in claims 1, 2, 3, 4, 5, 6, 12, 13, 14, 16, 17, and 18.  See, e.g., descriptions of the Mobile Country Code (MCC), Mobile Network Code (MNC), Globally Unique Temporary UE Identity (GUTI) and PLMN Identifier in 3GPP TS 23.003, architecture for emergency sessions in 3GPP TS 23.167, attachment procedure in 3GPP TS 23.401, process and procedures associated with emergency service provisioning and emergency session setup in 3GPP TS 24.229, SIM card contents in 3GPP TS 31.102, and discussion of PLMN Identity in 3GPP TS 36.413.

46.     Additionally, Defendants Apple, AT&T, Verizon, and T-Mobile are liable for indirect infringement of the '872 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users.

47.     Each Defendant is a 3rd Generation Partnership Project ("3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents.  Defendants have had actual notice of the '872 patent at least by way of

disclosure to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).  Defendants also have knowledge of the '872 patent based on filing and service of this Complaint.

48.     Despite having knowledge of the '872 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including their customers, to use such devices in a manner that infringes the '872 patent, including at least claims 1-6.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '872 Apple Devices to make voice over LTE calls.

49.     In particular, despite having knowledge of the '872 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via https://support.apple.com, for instance) that specifically teach and encourage customers and other end users to use the '872 Apple Devices in an infringing manner.  By providing such instructions, Defendants Apple, AT&T, Verizon, and T-Mobile know (and have known) that their actions have, and continue to, actively induce infringement.

50.     Additionally, Defendants named in this Count know, and have known, that the '872 Apple Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions.  Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '872 patent and are not staple articles of commerce suitable for substantial non-infringing use.

51.     Specifically, each of the '872 Apple Devices contains at least a baseband processor and associated transceiver which contain functionality that is specifically programmed and/or configured to receive a network identifier of a visited network when the '872 Apple Device is registered with the visited network, compare the received network identifier with a network

identifier of a home network, and set up an emergency call connection without registering with an IP Multimedia Subsystem when the '872 Apple Device is already registered in the IP Multimedia Subsystem and the received network identifier matches the network identifier of the home network, as claimed in claims 1, 2, 3, 4, 5, 6, 12, 13, 14, 16, 17, and 18.  Defendants Apple, AT&T, Verizon, and T-Mobile are, thus, liable for contributory infringement.

52.     Apple and AT&T test, make, use, offer for sale, sell, and/or import the '872 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

53.     Apple and Verizon test, make, use, offer for sale, sell, and/or import the '872 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

54.     Apple and T-Mobile test, make, use, offer for sale, sell and/or import the '872 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

55.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants Apple, AT&T, Verizon, and T-Mobile are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 9,037,129)

56.     CCE incorporates paragraphs 1 through 16 herein by reference.

57.     CCE is the assignee of the '129 patent, entitled "Method, Network and Device for Information Provision by Using Paging and Cell Broadcast Services," with ownership of all substantial rights in the '129 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present and future infringements.  A true and correct copy of the '129 patent is attached as Exhibit D.

58.     The '129 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

59.     Defendants Apple, AT&T, Verizon, Sprint, and T-Mobile have infringed and/or indirectly infringed, and continue to directly infringe and/or indirectly infringe, one or more claims of the '129 patent in this judicial district and elsewhere in Texas and the United States, without the consent or authorization of CCE, including at least claims 1, 4, 7, and 10, by or through their making, having made, offering for sale, selling, importing, testing, and or use of Apple mobile devices that support LTE.  Such Apple mobile devices include iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad (third generation a/k/a "the new iPad" or "iPad 3"), iPad (fourth generation a/k/a "the iPad with Retina display" or "iPad 4"), iPad (2017 version a/k/a the "iPad 9.7 inch"), iPad Mini, iPad Mini with Retina display (a/k/a "the iPad Mini 2"), iPad Mini 3, iPad Mini 4, iPad Air, iPad Air 2, iPad Pro (12.9 inch), and iPad Pro (9.7 inch), sold or otherwise distributed by or through Apple and/or AT&T (the "'129 AT&T Mobile Devices"); iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad (third generation a/k/a

"the new iPad" or "iPad 3"), iPad (fourth generation a/k/a "the iPad with Retina display" or "iPad 4"), iPad (2017 version a/k/a the "iPad 9.7 inch"), iPad Mini, iPad Mini with Retina display (a/k/a "the iPad Mini 2"), iPad Mini 3, iPad Mini 4, iPad Air, iPad Air 2, iPad Pro (12.9 inch), and iPad Pro (9.7 inch), sold or otherwise distributed by or through Apple and/or Verizon (the "'129 Verizon Mobile Devices"); iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad (fourth generation a/k/a "the iPad with Retina display" or "iPad 4"), iPad (2017 version a/k/a the "iPad 9.7 inch"), iPad Mini, iPad Mini with Retina display (a/k/a "the iPad Mini 2"), iPad Mini 3, iPad Mini 4, iPad Air, iPad Air 2, iPad Pro (12.9 inch), and iPad Pro (9.7 inch), sold or otherwise distributed by or through Apple and/or Sprint (the "'129 Sprint Mobile Devices"); and iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad (2017 version a/k/a the "iPad 9.7 inch"), iPad Mini, iPad Mini with Retina display (a/k/a "the iPad Mini 2"), iPad Mini 3, iPad Mini 4, iPad Air, iPad Air 2, iPad Pro (12.9 inch), and iPad Pro (9.7 inch), sold or otherwise distributed by or through Apple and/or T-Mobile (the "'129 T-Mobile Mobile Devices").  These devices are collectively referred to as the "'129 Apple Devices."

60.     Defendants directly infringe the apparatus claims of the '129 patent by making, using, testing, offering to sell, selling, and/or importing the '129 Apple Devices.  Defendants also directly infringe the '129 patent by making, using, selling, offering for sale, and/or importing the '129 Apple Devices to practice the claimed methods.  Defendants are therefore liable for direct infringement.

61.     Specifically, each of the '129 Apple Devices stores a group of specific identifiers common to a plurality of terminals supporting an emergency warning, checks whether a paging message received from a base station includes at least one specific identifier of the group of

specific identifiers, switches to a broadcast mode for receiving broadcast content on a broadcast channel only if the received paging message includes the at least one specific identifier, and establishes at least one of a physical channel and a logical channel only if the received paging message includes a temporary mobile subscriber identity allocated to the terminal, as recited in claims 1, 4, 7, and 10.  See, e.g., the public warning system disclosed in 3GPP TS 22.268 and portions of 3GPP TS 36.331 and 3GPP TS 23.041, which provide protocol specification and cell broadcast service implementation details.

62.     Additionally, Defendants are liable for indirect infringement of the '129 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including, but not limited to, cellular network providers and/or their subscribers) and other end users who use the '129 Apple Devices.

63.     Each Defendant has had knowledge of the '129 patent, at least as early as service of this Complaint.

64.     Despite having knowledge of the '129 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including their customers, to use such devices in a manner that infringes the '129 patent, including at least claims 1 and 4.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '129 Apple Devices.

65.     In particular, despite having knowledge of the '129 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via https://support.apple.com, for instance) that specifically teach  and encourage customers and other end users to use the '129 Apple Devices in an infringing

manner.  By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

66.    Additionally, Defendants named in this Count know, and have known, that the '129 Apple Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions.  Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '129 patent and are not staple articles of commerce suitable for substantial non-infringing uses.

67.    Specifically, each of the '129 Apple Devices contains at least a baseband processor and memory that contains functionality that is specifically programmed and/or configured to at least store a group of specific identifiers common to a plurality of terminals supporting an emergency warning, check whether a paging message received from a base station includes at least one specific identifier of the group of the specific identifiers, switch to a broadcast mode for receiving broadcast content on a broadcast channel only if the received paging message includes the at least one specific identifier, and establish at least one of a physical channel and a logical channel only if the received paging message includes a temporary mobile subscriber identity allocated to the terminal, as recited in claims 1, 4, 7, and 10.  Defendants Apple, AT&T, Verizon, Sprint, and T-Mobile are, thus, liable for contributory infringement.

68.    Apple and AT&T test, make, use, offer for sale, sell, and/or import the '129 AT&T Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

69.    Apple and Verizon test, make, use, offer for sale, sell, and/or import the '129 Verizon Devices described in this Count, pursuant to one or more contractual agreements between

them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

70.     Apple and Sprint test, make, use, offer for sale, sell, and/or import the '129 Sprint Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

71.     Apple and T-Mobile test, make, use, offer for sale, sell, and/or import the '129 T-Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Apple and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

72.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JOINDER OF PARTIES**

73.     CCE incorporates paragraphs 1 through 72 herein by reference.

74.     On information and belief, AT&T, Verizon, Sprint, and T-Mobile have each purchased or otherwise acquired from Apple certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts II through IV (or some subset thereof).  Thus, for these Counts, the right to relief against AT&T, Verizon, Sprint, and/or T-Mobile is asserted jointly and severally with Apple.

75.     The alleged infringements set forth in Counts II through IV arise out of the same transaction, occurrence, or series of transactions or occurrences, relating to the testing, making, using, offering for sale, selling, and/or importing of accused Apple mobile devices.

76.     Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, the accused Apple mobile devices.

77.     Thus, joinder of Apple, AT&T, Verizon, Sprint, and T-Mobile is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## WILLFULNESS

78.     Despite having knowledge of asserted patents, and knowledge that they are directly and/or indirectly infringing claims of asserted patents, Defendants have nevertheless continued their infringing conduct in an egregious manner.  This includes, but is not limited to, Defendants' collective willful blindness, including their refusal to investigate whether the accused products infringe asserted claims of, at least, the '770 and '872 patents.  For at least these reasons, Defendants' infringing activities detailed above have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights, justifying enhanced damages under 35 U.S.C. § 284.

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a.     Judgment that one or more claims of the '074, '770, '872, and '129 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others whose infringements have been induced by one

or more Defendants and/or by others to whose infringements one or more Defendants contributed;

b.      Judgment that Defendants account for and pay to CCE all damages to, and costs incurred by, CCE because of Defendants' infringing activities and other conduct complained of herein;

c.      Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.      That Defendants' infringements relative to one or more of the '074, '770, '872, and '129 patents be found willful from the time that Defendants became aware of the infringing nature of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.      That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f.      That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.


**Dated:  April 19, 2017**                           Respectfully submitted,


                                      */s/ Ed Nelson III (w/permission Wesley Hill)*
                                      Ed Nelson III
                                      ed@nelbum.com
                                      Texas State Bar No. 00797142
                                      Ryan P. Griffin
                                      ryan@nelbum.com
                                      Texas State Bar No. 24053687
                                      Thomas C. Cecil
                                      tom@nelbum.com
                                      Texas State Bar No. 24069489
                                      NELSON BUMGARDNER PC
                                      3131 West 7th Street, Suite 300
                                      Fort Worth, Texas 76107
                                      Phone:  (817) 377-9111

                                      Jeffrey R. Bragalone
                                      Texas Bar No. 02855775
                                      Jonathan H. Rastegar
                                      Texas Bar No. 24064043
                                      BRAGALONE CONROY PC

2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John Austin Curry
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
CALDWELL CASSADY & CURRY
2101 Cedar Springs Road, Suite 1000
Dallas, TX 75201
Telephone: (214) 888-4848

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD, SMITH, & HILL PLLC
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**